UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JESSTARIUS DORTCH,
    Plaintiff,

v.                                                Case No.:  1:23cv253/AW/ZCB

OFFICER HORNES,
    Defendant.
                                   /

## REPORT AND RECOMMENDATION

Plaintiff is proceeding *pro se* and *in forma pauperis* in this 42 U.S.C. § 1983 case.  As explained below, dismissal is warranted because Plaintiff has failed to comply with a Court order and has effectively abandoned this case by not providing the Court with his updated mailing address.

Upon review of Plaintiff's complaint, the Court determined that it failed to comply with Local Rule 5.7(A) because it was not submitted on the *pro se* complaint form approved for use in the Northern District of Florida.  On November 17, 2023, the Court notified Plaintiff of the non-compliance and ordered him to file an amended complaint using the Court-approved form.  (Doc. 7).  The Court provided Plaintiff with the complaint form and gave him thirty days to file the amended complaint.

1

(*Id.* at 4).  The Court notified Plaintiff that his failure to comply with the order would result in a recommendation of dismissal.  (*Id.*).

The thirty-day deadline came and went without Plaintiff complying with the Court's order.  On December 19, 2023, the Court learned that a prior order regarding Plaintiff's *in forma pauperis* status had been returned as undeliverable.  (Doc. 8).[1]  The Clerk of Court determined that Plaintiff had been released from the Florida Department of Corrections (FDOC) on November 20, 2023.  (Doc. 8, docket entry comments).  The Court then waited to see if Plaintiff would inform the Clerk of Court of his new address or comply with the order to file an amended complaint.  After over a month of waiting, on December 28, 2023, the Court ordered Plaintiff to show cause by January 11, 2024, why this case should not be dismissed for failing to comply with the Court's prior order requiring the filing of an amended complaint.  (Doc. 9).  But because Plaintiff never updated his address, the order to show cause was returned as undeliverable.[2]  (Doc. 10).

---

[1] The Court's November 17, 2023, order directing Plaintiff to file an amended complaint has not been returned as undeliverable.
[2] The Court had no choice but to send the show cause order to Plaintiff's FDOC address.  That is because neither Plaintiff nor the FDOC's inmate

As of today, Plaintiff still has not provided the Court with an updated address, filed the required amended complaint, or taken any recent action to prosecute this case. When Plaintiff filed this case on October 2, 2023 (Doc. 1), the Clerk of Court sent him a Notice to Pro Se Litigant. (Doc. 3). That Notice informed Plaintiff that he was required to advise the Clerk of Court in writing of any change in his mailing address. (*Id.* at 2). He has not followed that instruction.

It is impossible for a case to be litigated when the Court has no way to communicate with the plaintiff. Because Plaintiff has failed to comply with the Court's instructions and has effectively abandoned his case, dismissal is warranted. *See* N.D. Fla. Loc. R. 41.1 (authorizing dismissal if a "party fails to comply with… a court order"); *see also Duong Thanh Ho v. Costello*, 757 F. App'x 912, 914 (11th Cir. 2018) (affirming dismissal where *pro se* litigant failed to file an amended complaint as ordered); *Gilbert v. Daniels*, 725 F. App'x 789, 792-93 (11th Cir. 2018) (affirming dismissal where *pro se* litigant failed to provide the district court with an

---

locator provided a release address. *See* https://fdc.myflorida.com, click "Offender Search" link, click "Inmate Release Information Search" link, search last name "Dortch," first name "Jesstarius".

updated mailing address). Accordingly, the Court respectfully **RECOMMMENDS** that this case be **DISMISSED without prejudice**.[3]

At Pensacola, Florida, this 19th day of January 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

---

[3] To the extent that Plaintiff's claims may be barred by the statute of limitations as a result of this dismissal, making this dismissal effectively one "with prejudice," the Court finds that Plaintiff has engaged in willful delay, demonstrated contempt for the Court's rules, and lesser sanctions would be insufficient. *See Betty K. Agencies, Ltd. V. M/V Monada*, 432 F.3d 1333, 1337-38 (11th Cir. 2005) (holding that a dismissal with prejudice may be imposed only when a party engages in a clear pattern of delay or willful contempt and the district court finds that lesser sanctions will not suffice). Plaintiff allowed all but one week of the four-year limitations period to expire before he filed his civil rights complaint on October 2, 2023, concerning conduct that occurred on or about October 8, 2019. (Doc. 1 at 2, 4, 6). He then failed to notify the Court that his address had changed, despite the Clerk's clear instruction to do so. Two months have passed since Plaintiff's release from the FDOC, and he still has not communicated with the Court regarding his new address. The litigation has been paused while waiting for Plaintiff to do what he knew he was supposed to do. This demonstrates willful delay, contempt for the Court's rules, as well as abandonment of this litigation. No lesser sanction would be sufficient. After all, the Court has no way of communicating with Plaintiff to impose any such lesser sanction. Any orders that the Court would issue regarding lesser sanctions would simply be returned as undeliverable. Under these circumstances, dismissal is warranted even if the dismissal may effectively be one with prejudice due to expiration of the statute of limitations.

## **Notice to the Parties**

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.